IN THE UNITED STATES DISTRICT COURT

FILED
U.S. DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

2009 MAY 14 P 2: 13

AUGUSTA DIVISION

CLERK ᗺurton

| | | |
|---|---|---|
| TERRY S. CARTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 108-046 |
| | ) | |
| W.C. BOLTON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner Terry S. Carton, an inmate currently incarcerated at Athens-Clarke Correctional Institute in Athens, Georgia, filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is currently before the Court on Respondent's motion to dismiss. (Doc. no. 11). Despite receiving an order warning Petitioner that failure to respond to the motion to dismiss indicated that the motion was unopposed (doc. no. 13), Petitioner failed to respond. Accordingly, the motion to dismiss is deemed to be unopposed. Loc. R. 7.5. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss for failure to exhaust state court remedies be **GRANTED** and that this civil action be **CLOSED**.

## I.     BACKGROUND

Petitioner was convicted on August 31, 2005, of burglary in the Superior Court of Richmond County. On October 7, 2005, he received a recidivist sentence of fifteen years in

confinement, followed by five years of probation. (Doc. no. 12, p. 1). Petitioner filed a

motion for new trial on October 18, 2005; this motion was denied on August 2, 2006. (Id.).

With the assistance of a different attorney, Petitioner appealed his conviction to the Georgia

Court of Appeals. (Id. at 1-2). On appeal, Petitioner argued:

    (1)    similar transaction evidence should not have been admitted;

    (2)    the trial court erred in allowing two State's witnesses to testify who were not disclosed to him ten days prior to trial; and

    (3)    he received ineffective assistance of trial counsel because his trial counsel failed to subpoena certain witnesses, and failed to notify him of the State's supplemental witness list, thus prejudicing Petitioner's right to determine strategy used during trial.

(Doc. no. 12, Attach., Carton v. State, Civil Case No. A07A0462 (Ga. Ct. App. May 10,

2007)). The Georgia Court of Appeals affirmed Petitioner's conviction on May 10, 2007,

and returned its Remittur on May 31, 2007. (Id.). Petitioner then filed a motion to modify

his sentence on November 6, 2007. (Id. at 2). At the time Petitioner filed the instant

petition, his motion to modify his sentence had not been ruled on. Petitioner has not filed

a state habeas corpus petition.

Petitioner filed the instant federal petition for a writ of habeas corpus, contending that

he is entitled to relief because he received ineffective assistance of trial and appellate

counsel. (Doc. no. 1, p. 5). Petitioner claims his trial counsel was ineffective because he

"fail[ed] to investigate [and/or] call witnesses to testify . . . fail[ed] to object to new witnesses

who were not discovered . . . fail[ed] to have any pre-trial motion to see where [Petitioner's]

case stood . . . [and failed] to show any interest in [Petitioner's] case. (Id.). As to his

appellate counsel, Petitioner claims that she was ineffective because she failed to

2

subpoena Petitioner's trial counsel at Petitioner's motion for new trial, failed to inform Petitioner that his appeal was denied, and failed to show any interest in Petitioner's case. (Id.).

Respondent contends in his memorandum supporting his motion to dismiss that Petitioner's § 2254 petition should be dismissed because Petitioner's claims are unexhausted.

## II.     DISCUSSION

### A.     Exhaustion Rules Explained

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. The AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss habeas claims that the petitioner has a right to raise, by any available procedure, in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). In reference to this requirement, the Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845; see also Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (per curiam) (holding that a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court [meant] that [a petitioner] [] failed to exhaust all of his available state remedies"). This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the state has not opted out of this requirement.[1] Id. However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).

In addition, the AEDPA contains two significant changes bearing on the exhaustion requirement. First, the AEDPA eliminates a district court's ability to infer a state's waiver of exhaustion from the state's failure to expressly invoke the exhaustion requirement. 28 U.S.C. § 2254(b)(3). Under the revised statute, a waiver can be found only if the state,

---

[1] In Georgia, on direct appellate review, "'a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies' . . . ." Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (per curiam) (quoting Ga. Sup. Ct. R. 40).

through counsel, expressly waives the requirement. Id. Second, the AEDPA confers discretion upon the district courts to deny a habeas petition on the merits notwithstanding the petitioner's failure to exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(2). When read in conjunction with the exhaustion requirement contained in § 2254(b)(1) and the waiver requirement contained in § 2254(b)(3), § 2254(b)(2) creates a confusing statutory framework within which the district courts must consider habeas petitions. Hoxsie v. Kerby, 108 F.3d 1239, 1243 (10th Cir. 1997) (recognizing § 2254(b)(2), standing alone, does not contain the standard for determining when a federal court should dismiss a petition on the merits instead of insisting on exhaustion); Gaylor v. Harrelson, 962 F. Supp. 1498, 1499-1500 (N.D. Ga. 1997) (same).

In deciding whether to require exhaustion or to address the merits, the Supreme Court's decision in Granberry v. Greer, 481 U.S. 129 (1987), provides some insight. In Granberry, the Supreme Court stated:

> If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis. On the other hand, if it is perfectly clear that the applicant does not raise a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served . . . if . . . the district court denies the habeas petition.[2]

Id. at 134-35; see also Atkins v. Singletary, 965 F.2d 952, 957 (11th Cir. 1992) (applying

---

[2] The Court recognizes that § 2254(b)(3) overrules Granberry to the extent that the state no longer may be deemed to waive the exhaustion requirement. The quoted passage, however, remains good law, and indeed, the policies underlying the passage are directly incorporated into § 2254(b)(2).

Granberry). Based on Granberry, the question of whether to require exhaustion in lieu of addressing the merits turns on whether it is "perfectly clear" that the petitioner has failed to state "even a colorable federal claim." Granberry, 481 U.S. at 134-35. In other words, if there is arguably a colorable claim, the Court should normally invoke the exhaustion requirement and dismiss the petition without prejudice.

Finally, if the district court finds that a petition is a mixed petition, in that it contains both exhausted and unexhausted claims, it has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005); Ogle v. Johnson, 488 F.3d 1364, 1370 (11th Cir. 2007). The Eleventh Circuit has summarized the requirements of Rhines as follows: "[a] district court should grant a stay and abeyance if (1) the petitioner had 'good cause' for failing to exhaust the claims in state court; (2) the unexhausted claims are 'potentially meritorious;' and (3) 'there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" Thompson v. Sec'y for the Dep't of Corr., 425 F.3d 1364, 1365-66 (11th Cir. 2005) (quoting Rhines, 544 U.S. at 277-79). However, because the stay and abeyance procedure has the potential to frustrate the "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and undermining the "AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition," the stay and abeyance procedure should only be used in limited circumstances. Id. at 277. If the district court determines that a stay and

abeyance is not the appropriate avenue on which to proceed, the court also has the option of severing any unexhausted claims from the petition and proceeding with the exhausted claims, or to dismiss the entire petition as a mixed petition. Id. at 278.

**B.     Petitioner's Exhausted and Unexhausted Claims**

In the instant case, Petitioner has asserted claims of ineffective assistance of trial and appellate counsel. Although Petitioner raised an ineffective assistance of trial counsel claim in his direct appeal, not all issues raised in the instant federal habeas petition were raised in his direct appeal. For example, in the direct appeal, Petitioner argued that his trial counsel was ineffective for failing to subpoena certain witnesses and for failing to notify him of the State's supplemental witness list, thus prejudicing Petitioner's right to determine strategy used during trial; however, in his federal habeas petition, Petitioner argues that his trial counsel was ineffective for "fail[ing] to investigate [and/or] call witnesses to testify . . . fail[ing] to object to new witnesses who were not discovered . . . fail[ing] to have any pre-trial motion to see where [Petitioner's] case stood . . . [ and failing] to show any interest in [Petitioner's] case. Therefore, not all claims raised in the instant petition have been presented in state court. As to Petitioner's ineffective assistance of appellate counsel claims, he did not file a state habeas petition, and has never before brought his ineffective assistance of appellate counsel claim before any state court. Thus, Petitioner has failed to exhaust the majority of his claims for ineffective assistance of trial and appellate counsel.

However, Petitioner's claim for ineffective assistance of his trial counsel – as to trial counsels' purported failure to subpoena certain witnesses – has been exhausted. Petitioner

raised this claim on direct appeal to the Georgia Court of Appeals, which rejected this claim. (Doc. no. 12, Attach., Carton, at Civil Case No. A07A0462). Petitioner was not required to petition for a rehearing and certiorari following this decision in order to exhaust his state court remedies. Hills, 441 F.3d at 375. Nor was he required to raise this claim in a state habeas petition. See Walker, 693 F.2d at 1088; see also Thompson v. Stinson, 611 S.E.2d 29, 30 (Ga. 2005) (quoting Brown v. Ricketts, 213 S.E.2d 672, 673 (1975)) (finding that a writ of habeas corpus may not be used as a way to obtain a second appeal and that issues raised on direct appeal may not be reviewed by a state habeas court). Accordingly, Petitioner has satisfied the exhaustion requirement as to his claim for ineffective assistance of his trial counsel concerning the purported failure to subpoena certain witnesses.

Because Petitioner's federal habeas petition contains exhausted and unexhausted claims, the Court considers it a "mixed petition." Under the requirements of Rhines, the Court concludes that as such, the petition should be dismissed and that Petitioner's exhausted claims should not be held in abeyance. Petitioner has not shown "good cause" for failing to exhaust his claims in state court before filing the instant habeas petition. Rhines, 544 U.S. at 277-79. While Petitioner's unexhausted claims may be "potentially meritorious" and there is no indication that he has engaged in "intentionally dilatory litigation tactics," his failure to show good cause prohibits the Court from granting him a stay and abeyance of his exhausted claim under Rhines. Furthermore, the Court concludes that under these circumstances, stay and abeyance of Petitioner's exhausted claim would frustrate and undermine the goals of the AEDPA.

## III.    CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss for failure to exhaust state court remedies be **GRANTED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of May, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE